**UNITED STATES of America, Appellant,**

v.

**William D. FRAZELL and Martha T. Frazell, Appellees.**

**No. 20758.**

United States Court of Appeals Fifth Circuit.

Dec. 15, 1964.

Certiorari Denied April 5, 1965. See 85 S.Ct. 1104.

Hutcheson, Circuit Judge, dissented.

———◇———

Edward L. Shaheen, U. S. Atty., Shreveport, La., Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, Harry Baum, Michael I. Smith, Attys., Dept. of Justice, Washington, D. C., for appellant.

W. Scott Wilkinson, Shreveport, La., Leland E. Fiske, Dallas, Tex., Sidney I. Roberts, Raymond Rubin, New York City, Robert K. Jewett, Marvin K. Collie, Houston, Tex., for appellees.

Before TUTTLE, Chief Judge, and HUTCHESON and GEWIN, Circuit Judges.

PER CURIAM.

In support of the appellees' petition for rehearing, briefs were filed by the appellees and three amici curiae. The Commissioner responded to these briefs, and the four proponents of appellees' position filed briefs in reply. After careful consideration of the arguments and authorities thus presented, we are persuaded that our original decision was a correct one.

Among the arguments presented in the appellees' behalf on this petition is that the first two sentences of Treas. Reg. § 1.721–1(b) (1) require a different result from that reached in our original decision. The pertinent language is as follows:

"Normally, under local law, each partner is entitled to be repaid his

contributions of money or other property to the partnership * * * whether made at the formation of the partnership or subsequent thereto. To the extent that any of the partners gives up any part of his right to be repaid his contributions (as distinguished from a share in partnership profits) in favor of another partner as compensation for services * * * section 721 does not apply."

The remainder of the regulation makes it clear that what is referred to is the transfer of an interest in partnership capital. In 1955, Frazell received, without substantial restrictions, an interest in 13 percent of the capital acquired under the Wheless-Woolf-Frazell agreement. Frazell's interest was received primarily as compensation for services. Had he not been so compensated, Wheless and Woolf would have been entitled to the entire capital of the venture. In transferring a 13 percent interest to Frazell, they necessarily gave up a portion of their own capital interests. This fact is in no way altered by their having reserved the right to take the first $1,245,-106 out of the profits of the venture. It has never been contended that this recoupment was a return of capital to Wheless and Woolf rather than a skimming of profits, and no such contention could be supported on this record.

Since we find that, on this record, none of the arguments presented on appellees' behalf requires an alteration of our original decision, the petition for rehearing is

Denied.

HUTCHESON, Circuit Judge, dissents.